## Greenawalt's Estate

*J. Glenn Benedict*, for accountant.

*J. McD. Sharpe* and *Charles H. Davison*, for proponent.

*T. Z. Minehart, George E. Wenger* and *Daniel W. Long*, for caveators.

WINGERD, P. J., November 25, 1946.—This is a proceeding which arises under the provisions of section 18 of the Register of Wills Act of June 7, 1917, P. L. 415.

Roy A. Greenawalt died on August 22, 1945, a resident of Chambersburg, Franklin County, Pa. Letters of administration on his estate were granted by the Register of Wills of Franklin County, Pa., to the Farmers and Merchants Trust Company of Chambersburg on August 31, 1945. The first and final account of the administrator was filed on May 16, 1946, together with reasons why a schedule of distribution could not be filed, and the account was confirmed by the Orphans' Court of Franklin County on June 18, 1946. Hon. Watson R. Davison was appointed by the orphans' court, on June 21, 1946, to make distribution of the balance on said fiduciary's account and filed his report as such auditor in the office of the clerk of the orphans' court September 20, 1946, which report would have

been confirmed on October 5, 1946, unless exceptions had been filed thereto. On September 20, 1946, Ethel M. Hoch, a resident of Baltimore, Md., offered for probate before the Register of Wills of Franklin County two writings, alleged to be testamentary in character, as the last will and testament of said decedent and at the same time petitioned that letters of administration c. t. a. be granted to the Farmers and Merchants Trust Company of Chambersburg, the then administrator of the estate of said decedent. Certain heirs of decedent notified the Register of Wills of Franklin County not to probate the papers offered by Ethel M. Hoch as a will and subsequently, on October 8, 1946, filed a caveat against such probate, alleging, among other things, that the writings offered were not testamentary in character; that the purported signature of decedent to them was not the signature of decedent. On October 4, 1946, Ethel M. Hoch, by her attorney, John McDowell Sharpe, presented a petition to the orphans' court setting forth a number of the above facts, that she had filed exceptions to the report of the auditor and asked that all proceedings relating to the confirmation of the auditor's report be stayed until final determination of the proceedings for the probate of the writings presented by her to the register of wills. On the same day the prayer of the petition was granted. On November 5, 1946, the register having set November 8, 1946, as the time for taking evidence in reference to the probate of the writings, alleged to be the will of said decedent, Ethel M. Hoch presented her petition to the court, asking for a citation upon the heirs of decedent to show cause why the orphans' court should not order the register of wills to certify the entire record relating to the probate of such writings to the court. The citation was awarded on November 5, 1946, an answer thereto was filed by the heirs on November 14, 1946, and by agreement

of counsel, argument was held in reference thereto on Monday, November 18, 1946.

The contention of proponents of the alleged testamentary writings is that the controversy in reference to such writings presents unusual, difficult and complicated questions and that the orphans' court should order the record certified to it by the register of wills without any hearing being held by the register. Respondents, the heirs of decedent, contend that this is merely the ordinary case in which certain writings, alleged to constitute the will of decedent, are offered for probate and a caveat is filed thereto; that as no hearing has been held before the register, it cannot be determined that any particularly difficult or unusual questions will arise; and that if the matter is certified directly to the orphans' court, without any hearing or decision by the register, proponent, Ethel M. Hoch, a nonresident of Pennsylvania, can proceed before the orphans' court in what might be a protracted and costly proceeding, without having to give bond for costs. Whereas, if she was unsuccessful before the register and desired to appeal to the orphans' court, she would have to give bond for costs and the interests of respondents would be protected.

The register of wills was not joined as a respondent in the citation issued and, therefore, filed no answer. However, at the argument upon the petition and answer, the attorney for the register of wills was present and, when asked by the court whether he had anything to say in behalf of the register of wills, stated that the register of wills felt that he should be allowed to hear the matter or otherwise, if the present procedure was followed generally, it would practically wipe out the register's court in any case in which the probate of alleged testamentary papers was questioned.

Section 18 of the Register of Wills Act of 1917, 20 PS §1981, provides:

"Where a caveat is entered against the probate of any last will or testamentary paper, or where there is a dispute as to such probate, . . . the orphans' court of the county, . . . may, . . . on the petition of the register of wills of said county, or of any party interested, direct said register to certify the entire record thereto pertaining to said court, which shall then determine etc. . . ."

The act uses the word "may" and it is admitted by all parties that whether the record should be certified to the orphans' court or not is entirely within the discretion of that court. This section of the act does not refer to cases in which disputable and difficult matter comes into controversy before the register although, undoubtedly, if such matter is present before the register, it would have considerable influence upon the court in exercising its discretion under section 18. The real reason for the enactment of section 18 seems to have been to prevent unnecessary delay, for the note under that section, as found in the report of the commission appointed to codify and revise the law of decedents' estates, is as follows: "This is a new section, intended to prevent the needless and sometimes intentional delays which have often occurred in the prosecution of proceedings before registers." (Page 379.)

Section 19 refers definitely "to disputable and difficult matter" and gives to the register the right, when such matter is involved, to certify the entire record to the orphans' court, but is not mandatory in that respect, using the word "may". The note in the report of the commission under this section states that the discretion is given to the register under this section because a compulsory certification is provided for in the eighteenth section. (Page 379.)

The two sections, taken together, provide a rather complete method of expediting proceedings before the

register in cases where a dispute arises. Under section 18, if the register feels that matters are being unduly delayed, he can bring that matter to the attention of the orphans' court and the orphans' court can order the record certified immediately to it. If an interested party feels that the proceedings are being unduly delayed or that unusual disputed questions have arisen which could be much more effectively determined by the orphans' court than by the register and the register has not certified the record to the orphans' court, as he is given power to do under section 19, he or she may petition the orphans' court to order the record certified to it. However, in cases arising under section 18, the court certainly should not order the record certified to it unless it is clearly shown to it that the matter is being unduly delayed or that unusual disputed questions have arisen before the register, and under section 19 the register should not have the right to certify the record to the orphans' court unless disputable and difficult matter comes into controversy before him. The purpose of these two sections is certainly not to eliminate the jurisdiction of the register in cases where disputes arise and turn the orphans' court into a probate or register's court.

In Fleming's Estate, 36 York 117, Judge Trimble, in interpreting section 19 of the Register of Wills Act of 1917, says, on page 118:

"The filing of the caveat does not raise a disputable or difficult question in itself; it may be filed by some person who has no interest in the proceeding, or by some interested person who will abandon it rather than proceed to trial, either because he has been deceived or misinformed, or has no money to wage a contest, or for other reasons which he may or may not desire to disclose, but finds to his advantage to withdraw. The caveators may proceed to trial before him on the theory that there was a forgery and utterly

fail to establish that fact, or they may show to him conclusively and beyond the shadow of a doubt that there was a forgery by the failure of the proponents to offer any testimony, or by showing that the testator was hopelessly insane at the time of the making of the will, or was not master of himself then, or was imprisoned in body or mind, or both, from that time until his death. The register cannot determine whether there is a disputable or difficult matter until he hears some of the testimony; but as soon as he has heard enough testimony to enable him to conclude that there is a disputable or difficult matter resulting from the filing of the caveat or other cause to be determined, then he does have the right to certify that specific matter to the orphans' court for its determination. If we stop to think about the effect of allowing the register of wills to certify to us voluntarily cases where there is only a threatened or prospective dispute or difficult matter, and which without proof of it may never arise, it would give him the right to make this court a probate office."

In Fonda's Estate, 5 Northumb. 249, which was a proceeding brought under section 18 of the Register of Wills Act of 1917, in which caveator filed a petition under that section for a rule upon the register to show cause why he should not certify the entire record pertaining to the probate of certain testamentary writings and codicils to the orphans' court, which rule was answered by the register and by proponents of the alleged testamentary writings on petition to intervene, Cummings, P. J., stated, on page 259:

"From our examination of the section we are satisfied that the question of certifying the record is discretionary. The only question, therefore, for our decision, is, whether the court upon the presentation of a petition alleging undue influence and incapacity, or unsoundness of mind, which allegations are denied in

answer, should certify the record, or whether the court under such circumstances should direct that the usual proceedings be had before the Register of Wills.

"After careful consideration and much thought we have decided that we will not exercise such discretion in favor of the petitioner for the reason should we do so we would be practically making a Register's Court out of the Orphans' Court. Under such circumstances as these, if we should so decide, any person might by the mere presentation of a petition upon mere allegation of want of capacity or undue influence, remove any proceeding from the register into the Orphans' Court. We are unable to see any reason whatever, from our examination of the record, why this proceeding should be removed."

In Estate of Harry L. Randal, 50 Montg. 169, the son of decedent filed a petition under section 18 of the Register of Wills Act of 1917, setting forth that three caveats had been lodged against a paper writing offered for probate as the will of decedent, and praying that a citation be awarded to the register of wills and to the executor named in an alleged lost will to show cause why the proceeding should not be certified to the orphans' court. An answer was filed by the executor, respondent, and the register certified the record to the orphans' court and the court ratified and affirmed the action of the register.

It was certainly not the intention of the legislature in enacting sections 18 and 19 of the Register of Wills Act of 1917 to practically abolish the jurisdiction of registers of wills in disputed cases involving the probate of alleged testamentary writings and the granting of letters testamentary or of administration and so, to a great extent, turn the orphans' court into a probate or register's court. As we have stated and as appears from the cases cited, there must be some real reason for the transfer of the proceeding from the register to the orphans' court before the register has rendered

a decision. Whether there is any real reason for such a transfer can, it seems to us, be only ascertained after at least some hearing had been held before the register. There is just as much reason for some definite basis to persuade the orphans' court to order the record certified to it under section 18, as for the register to properly exercise his discretion and certify the record under section 19. The reasons given by Judge Trimble in Fleming's Estate, supra, in reference to section 19, are, to our mind, just as applicable to cases arising under section 18. In Fonda's Estate, supra, the decision of the court clearly infers that something more than mere allegations in a petition must appear to justify the orphans' court in ordering the register to certify the record to it. In the Estate of Harry L. Randal, supra, the register, as an answer to the rule issued on him, certified the record and the court having the record before it and the allegations in the petition and answer showing a rather peculiar state of affairs involving an alleged lost will, affirmed the action of the register in certifying the record. What the court would have done if the register had objected or if the record had not already been before it, is not at all clear. The decision impresses one as a decision of convenience under all the circumstances and entirely proper on that basis.

In the instant case, the register was not joined as a respondent although, to the court's mind, the register is certainly, in a proceeding of this character, an interested party. The issue before the register is whether or not two alleged testamentary writings should be admitted to probate. No testimony has been taken. The matter comes before the court merely on allegations in the petition and answer. The register, by his attorney, objects to certifying the record and seems to feel that there is no necessity for such certification to the orphans' court at this time. The fact is present that proponent of the alleged will is a nonresident who,

if the case is certified at this time to the orphans' court, will have to give no bond for costs, although the matter may develop into a prolonged litigaton before that court, whereas, if the register decides against the proponent, she will have to file a bond for costs to perfect any appeal she may take to the orphans' court. It is our feeling that the instant case is not one in which the court should exercise its discretion under section 18 of the Register of Wills Act and order the register to certify the record to it, at least at this stage of the proceeding. After testimony is taken before the register and the questions involved have developed and the character of evidence has been disclosed, the register may, of his own motion, certify the record or the court may then feel justified in ordering certification on proper application.

Now, November 25, 1946, the rule to show cause why the record should not be certified to the orphans' court is discharged.